Filed 6/20/14  P. v. Daniel CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>            Plaintiff and Respondent,<br><br>v.<br><br>DARNELL DANIEL,<br><br>            Defendant and Appellant. | A137644<br><br>(Alameda County<br> Super. Ct. No. H49926A) |

After a jury trial on charges arising from a home invasion robbery of two victims by two perpetrators, defendant Darnell Daniel was found guilty of first degree residential robberies with true findings of related firearm use enhancements (Pen. Code, §§ 211, 12022.5, subd. (a), 12022.53, subd. (b)[1]) (counts one and two), making criminal threats with true findings of related firearm use enhancements (§§ 422, 1203.06, subd. (a)(1), 12022.5, subd. (a)) (counts four and five), and dissuading witnesses from testifying by force or threat of force with true findings of related firearm use enhancements (§§ 136.1, subd. (c)(1), 1203.06, subd. (a)(1), 12022.5, subd. (a)) (counts six and seven).  The jury was unable to reach a verdict on count three, kidnapping to commit a robbery of one of the victims (§ 209, subd. (b)(1)), and after the court declared a mistrial that count was ultimately dismissed on the motion of the district attorney.

At sentencing the trial court indicated it had read and considered the probation department report.  After hearing a statement by one of the victims and argument by

---

[1]        All further unspecified statutory references are to the Penal Code.

1

counsel, the court commented that "[f]actually, this is a home-invasion robbery. [One victim] is home before the second victim arrives at home. So while the robbery isn't complete because the robbers haven't reached a place of safety, the one robbery is on-going at the time it's interrupted by the second victim. The crime partners pass the gun back and forth between each other a[s] they are doing this home invasion robbery. [Defendant,] who's before the court today is, one might say, the more talkative, loquacious of the two. I am not sure if that indicates his position of kind of having led [the co-perpetrator], who's a juvenile, into this or not. He would disclaim that in his statement. I am not a hundred percent convinced that that's correct." The court indicated it was not discounting the circumstances that defendant told the police where they could find the firearm, that after the robbery the police found most of the stolen property at the co-perpetrator's house, and that at the time of defendant's arrest he was found with an iPhone, guitar, one victim's backpack, and some money.

In sentencing defendant to an aggregate term 34 years and 8 months, the court chose count one (robbery) as the principal offense and imposed 16 years consisting of the upper term of six years "[f]or the factors in aggravation which are outlined in the probation report," [2] and a mandatory consecutive term of 10 years for the related firearm

---

[2]     In the presentence probation report, the probation department officer listed the following circumstances in aggravation: (1) "The crime involved the threat of great bodily harm and other acts disclosing a high degree of cruelty, viciousness, or callousness. The defendant used his cell phone to video record a portion of the robbery. As Victim #1 was tied up, he was ordered to look into the camera. It was alleged that the defendant threatened to insert a sexual device into both victims' anuses, as they were [unwillingly] bound, if they did not provide the location of marijuana and cash;" (2) defendant and his co-perpetrator were armed with one loaded firearm, which they exchanged back and forth, during the commission of the crime; (3) both victims were unarmed; (4) "Pursuant to Victim #1's statement listed under confidential cover, it appears that the defendant occupied a position of leadership or dominance of other participants in the commission of the crime;" (5) defendant "induced a minor in the commission of the crime;" (6) defendant " 'threatened' [the victims] if they did not reveal the location of the marijuana and cash or if they called the police;" (7) the manner in which the crime was committed indicated "planning. Both the defendant and the [co-perpetrator] entered the home having knowledge that there may have been marijuana and

2

use enhancement pursuant to section 12022.53. On count two (robbery), the subordinate offense, the court imposed a consecutive term of four years and eight months consisting of one-third of the middle term of four years on the substantive offense and one-third of 10 years on the related firearm use enhancement "because we have a separate victim and a separate robbery." With regard to the two convictions for dissuading a witness from testifying by force or threat of force, the court imposed consecutive terms of seven years on each count consisting of the middle term of three years for the substantive offense and the middle term of four years for the related firearm use enhancement. The court stayed punishment on the convictions for criminal threats pursuant to section 654.

On appeal, defendant argues the matter should be remanded for resentencing because the trial court imposed an upper term on one robbery conviction and consecutive terms on the robbery convictions without specifying its reasons other than "an improper reference by incorporation of the probation report." However, in the absence of an objection in the trial court defendant has forfeited his right to seek relief based on his appellate contention. (*People v. Scott* (1994) 9 Cal.4th 331, 353 ["waiver doctrine" applies to "claims involving the trial court's failure to properly . . . articulate its discretionary sentencing choices"].)

In all events, we see no merit to defendant's argument that a remand for resentencing is required in this case. A trial court may impose an upper term based on one aggravating factor (*People v. Osband* (1996) 13 Cal.4th 622, 728 (*Osband*)), without stating its reasons for "entirely disregard[ing] mitigating factors" (*People v. Salazar* (1983) 144 Cal.App.3d 799, 813). The trial court may also impose consecutive sentences based on one aggravating factor (*Osband, supra*, at pp. 728-729) or when two or more

cash inside the victims' home. In addition, they used zip ties to hold Victim #1 against his will; whereas a suit tie was used to hold Victim #2 against her will;" (8) the crimes "involved the actual taking [of] great monetary value;" (9) defendant "engaged in violent conduct which indicate[d] a serious danger to society;" (10) defendant was on probation for committing the misdemeanor offense of drawing or exhibiting weapon in a threatening manner (§ 417, subd. (a)(1)); and (11) defendant's prior performance on juvenile probation was unsatisfactory. (See Cal. Rules of Court, rule 4.421 (a)(1)-(6), (8), (9), (b)(1), (4), (5) [Circumstances in aggravation].)

3

crimes are transactionally related and each involves a different victim. (*People v. Calhoun* (2007) 40 Cal.4th 398, 407-408.) Here, the probation department officer's report recited 11 circumstances in aggravation.[3] Although defense counsel at trial urged the court to impose an aggregate sentence of 10 years and eight months, he conceded "there is more than enough circumstances in aggravation. [¶] What stands out . . . is the threat of great bodily injury, the cruelty, viciousness, callousness that [defendant] admits to, use of the weapon and the vulnerability of the victims." Thus, if we remanded the matter, the trial court could properly impose the same sentencing choices after enunciating "select[ ] disparate facts from among those" recited in the probation report and stated by defense counsel "to justify the imposition of both a consecutive sentence and the upper term, and on this record we discern no reasonable probability that [the court] would not have done so." (*Osband, supra*, at p. 729.) Despite defendant's appellate arguments to the contrary, we conclude resentencing "would be an idle and unnecessary, if not pointless, judicial exercise." (*People v. Coelho* (2001) 89 Cal.App.4th 861, 889.)

However, we agree with defendant that the court's sentencing minute order and abstract of judgment must be corrected to reflect that (1) the court imposed firearm use enhancements related to counts one and two pursuant to section 12022.53, not section 12022.5; and (2) the time imposed on the firearm use enhancement related to count two pursuant to section 12022.53 was three years and four months, and not 10 years.

## DISPOSITION

The judgment is affirmed. The matter is remanded to the trial court for the issuance of an amended sentence minute order and amended abstract of judgment consistent with this opinion. The trial court shall forward a copy of the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.

---

[3]     See footnote 2, *ante*.

_____
Jenkins, J.

We concur:


_____
McGuiness, P. J.


_____
Siggins, J.